# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-10511
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RONALD ROCHA DANIELS

Defendant-Appellant

CONSOLIDATED WITH
07-10516
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TROY DOUGLAS HOWARD

Defendant-Appellant

Appeals from the United States District Court for the
Northern District of Texas, Amarillo Division
USDC No. 2:06-cr-00062-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Defendants-Appellants Ronald Rocha Daniels ("Daniels") and Troy Douglas Howard ("Howard") (collectively, "Appellants") appeal from their convictions stemming from the same traffic stop. Appellants argue that the district court erred in denying their motion to suppress the evidence that led to their arrests and ultimate convictions. For the reasons below, we affirm the Appellants' convictions.

I.

Texas Department of Public Safety Trooper Oscar Esqueda ("Officer Esqueda") stopped a car for having an obscured temporary vehicle registration. Officer Esqueda approached the vehicle's passenger side and explained the reason for the stop. Daniels, the driver, gave Officer Esqueda his Florida driver's license. Howard, the passenger, identified himself with an Arizona driver's license as Kevin Bell. When Officer Esqueda ran a check of the two licenses, the dispatcher advised that the license provided by Howard belonged to a deceased person. Officer Esqueda then asked the dispatcher to run Howard's license a second time, using the name and date of birth on the license instead of the license number. Before completion of this second license check, Officer Esqueda issued Daniels a warning citation for the obscured temporary vehicle registration and returned his driver's license. Daniels asked Officer Esqueda if Officer Esqueda wanted to follow them to another location so Appellants could change the placement of the temporary tag. Officer Esqueda responded, "I want to search your car before we do that." Daniels answered,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Search my car?" and Officer Esqueda confirmed, "Yes." Daniels said, "I don't have a problem with that, if that be the end." Officer Esqueda then searched the car and found approximately 10.34 kilograms of methamphetamine hidden inside.

Appellants moved to suppress all evidence used as the basis for the charges against them that was gathered as a result of the traffic stop. The magistrate judge conducted an evidentiary hearing and issued a Report and Recommendation to Deny Defendants' Motion to Suppress. The district court adopted with minor modifications the report and recommendation, entered additional findings of fact and conclusions of law and denied the motion to suppress. The Appellants then conditionally pleaded guilty, reserving their right to appeal the denial of their suppression motion. The district court then entered judgment and sentenced Appellants. Appellants timely appealed.

II.

A.

This Court accepts the trial court's factual findings on a motion to suppress unless they are clearly erroneous. United States v. Shabazz, 993 F.2d 431, 434 (5th Cir. 1993). Questions of law are reviewed de novo. United States v. Gonzalez, 190 F.3d 668, 671 (5th Cir. 1999). When reviewing a motion to suppress evidence this Court views the evidence most favorably to the party prevailing below unless "such a view is inconsistent with the trial court's findings or is clearly erroneous considering the evidence as a whole." Shabazz, 993 F.3d at 434.

B.

Appellants first argue that the arrest was unlawful at its outset. Whether a traffic stop constitutes a violation of a person's Fourth Amendment rights is analyzed under the standard announced in Terry v. Ohio, 392 U.S. 1 (1968). United States v. Brigham, 382 F.3d 500, 506–07 (5th Cir. 2004). This is a two-

part inquiry: "Courts first examine whether the officer's action was justified at its inception, and then inquire whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." Id. at 506. For a traffic stop to be justified at its inception, an officer must, before stopping the vehicle, have an objectively reasonable suspicion that illegal activity such as a traffic violation has occurred or will occur. United States v. Lopez-Moreno, 420 F.3d 420, 430 (5th Cir. 2005).

Appellants argue that there is no legal justification for stopping a vehicle with an obscured temporary registration, and thus that the traffic stop was not justified at its outset. Appellants contend that the regulation of temporary registration tags places the duty of compliance on the dealer, not on the operator of the vehicle. See 43 TEX. ADMIN. CODE § 8.139(b). The government correctly responds that the Texas Transportation Code, applicable to the operator of the vehicle, incorporates this Texas Administrative Code regulation of temporary registration tags. TEX. TRANS. CODE § 503.069 (2006). Because the transportation code requires that temporary tags be displayed in accordance with the rules of the administrative code, Officer Esqueda's stop of Appellants' vehicle was entirely proper in light of the fact that the paper registration tag in the rear window was not visible as required by Texas law.

Appellants next argue that the arrest lasted longer than was necessary to investigate and process any traffic violation. Although a traffic stop must be no longer than necessary to effectuate its purpose, the officer may ask questions and "request to examine a driver's license and vehicle registration or rental papers during a traffic stop and to run a computer check on both." Brigham, 582 F.3d at 507–08. Checking the license of the car's driver and its occupants is permissible during a traffic stop. Id. at 509. Additionally, where such questioning and the consent to search occur before the computer check is

complete, there is no Fourth Amendment violation.  Id. at 507; Shabazz, 993 F.3d at 437.

Appellants argue that the arrest was unreasonably extended by an arbitrarily delayed initiation of the computer check and Officer Esqueda's pre-computer check questioning, that Officer Esqueda should not have run the computer check on the passenger's license, and that the traffic stop should have concluded when Officer Esqueda declared an intention to issue a warning citation.  All these arguments are foreclosed by Brigham and Shabazz, which hold that an officer may run computer checks on the driver and passengers of a car, and that there is no unlawful detention prior to completion of those computer checks.  Here, Officer Esqueda initiated the computer check a short number of minutes after stopping Appellants.  Because an officer need not immediately initiate a computer check on a car's driver and its occupants, and because the questioning and consent to search occurred before the computer check was complete, Officer Esqueda did not unlawfully extend the detention of Appellants.

Appellants argue finally that any consent to the search and any probable cause to search were the products of illegal detention.  Because we agree with the district court that there was no illegal detention and that Daniels voluntarily consented to the search, we reject this argument.

III.

For the foregoing reasons the convictions of Daniels and Howard are affirmed.


AFFIRMED.